**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yokohama Tire Corporation, INC., | No. CV-07-645-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| National Union Fire Insurance Company of Pittsburgh, PA; Costco Wholesale Corporation, | |
| Defendants. | |

Currently pending before the Court is Plaintiff Yokohama Tire Corporation's ("Yokohama's") Motion to Remand. [Dkt. # 9] Having reviewed the motion, the response, and reply thereto, and the applicable law, the Court issues the following Order.

**I.     BACKGROUND**

On or about March 29, 2001, Jack Daer was involved in a severe auto accident near the town of Tonopah, Maricopa County, Arizona. [Complaint, ¶ 11] On May 15, 2001, Daer filed suit in the United States District Court for the District of Arizona against the current Plaintiff Yokohama and Defendant Costco, and on March 26, 2003, filed a second suit in the Maricopa County Superior Court (collectively called the "Daer Actions"). [Complaint, ¶ 12] These suits stated several causes of action against Costco and Yokohama with respect to a tire that was sold and installed by Costco on Daer's vehicle. [Complaint, ¶¶ 12–13] During

1  this time, Yokohama was selling tires to Costco under two different agreements: the 1994
2  Vendor's Agreement and the 1995 Private Label Agreement. [Complaint, ¶ 7]
3      Costco and its insurer, National Union Fire Insurance Company of Pittsburgh ("National
4  Union"), eventually reached a settlement in the Daer Actions. Specifically, National Union
5  paid $4,321,681.96 towards the settlement, and Costco paid $187,318.04 towards the
6  settlement as well as its attorney's fees in the amount of $812,681.96. [Dkt. # 1, ¶¶ 8–9]
7  Subsequently on three occasions, Costco sought indemnification from Yokohama to satisfy
8  the claims it paid in the Daer Actions. [Complaint, ¶¶ 18, 24, 31] Yokohama refused to
9  indemnify Costco because, it argued, any indemnification obligations were governed by the
10 1995 Private Label Agreement, which stated that Yokohama was not obligated to indemnify
11 Costco for its defense or "any claims allegedly arising out of actions or negligence by
12 Costco." [Complaint, ¶ 35]
13     On January 22, 2007, Yokohama filed a Complaint for Declaratory Relief in Maricopa
14 County Superior Court. In the Complaint, Yokohama seeks a declaration under its
15 agreements that it is not obligated to indemnify Costco or National Union for any costs, fees,
16 or loss payments incurred in the Daer Actions. [Complaint, ¶¶ 44–45] As an alternative, if
17 Yokohama is obligated to indemnify Costco or National Union, Yokohama seeks a
18 declaration that its indemnification obligations are governed by the 1995 Private Label
19 Agreement. [Complaint, ¶ 49] On March 22, 2007, Costco filed a Notice of Removal to this
20 Court. [Dkt. # 1] In its Notice of Removal, Costco stated that federal diversity jurisdiction
21 exists due to the complete diversity between Yokohama (California), Costco (Washington)
22 and National Union (Pennsylvania). [Dkt. # 1, ¶ 13(a)] Because Costco had been deemed
23 to be a California corporation in three prior unreported federal cases, it argued that in the
24 event it is found to be a California corporation by this Court, Costco can retain federal
25 diversity jurisdiction under the theory of fraudulent joinder. [Dkt. # 1, ¶ 13(b)]
26     On April 16, 2007, Yokohama filed the instant Motion to Remand [Dkt. # 9], arguing that
27 complete diversity does not exist because Costco is a California corporation for purposes of
28 diversity. [Dkt. # 9, p. 6] Additionally, Yokohama argues that "Costco was not fraudulently

1  joined" because the Complaint states a valid justiciable controversy for the Court. [*Id.* at
2  9–11] On May 3, 2007, Costco filed its Response to Plaintiff's Motion to Remand, [Dkt. #
3  11] arguing that (1) complete diversity exists because it is a Washington corporation, and (2)
4  the joinder of Costco is fraudulent due to the absence of any valid claim by Yokohama. [*Id.*
5  at pp. 6–8] Nine months later on February 8, 2008, Costco filed a Notice of Withdrawal,
6  withdrawing its argument that it is not a California corporation for diversity purposes. [Dkt.
7  # 41] Accordingly, the Court will address Costco's remaining argument that diversity
8  jurisdiction is proper under the theory of fraudulent joinder.

10  **II.    DISCUSSION**
11      **A.    Fraudulent Joinder**
12  As an initial matter, the defendant "always has the burden [to prove] that removal is
13  proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a federal court
14  subsequently determines that it no longer has jurisdiction, it must remand the case back to
15  state court. *See* 28 U.S.C. § 1447(c); *Ballesteros v. Am. Standard Ins. Co. of Wis.*, 436 F.
16  Supp. 2d 1070, 1072 (D. Ariz. 2006). The removal statute is strictly construed against
17  removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to
18  the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Here, Costco carries the
19  burden to prove that removal is proper under the theory of fraudulent joinder. *Id.*

20  This Court must remand back to state court unless Costco was "joined as a sham or if the
21  joinder [was] fraudulent." *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005,
22  1008 (N.D. Cal. 2001) (citing *Farias v. Bexar County Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir.
23  1991)). Joinder of a party is considered fraudulent if "the plaintiff fails to state a cause of
24  action against a resident defendant, and the failure is obvious according to the settled rules
25  of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). There
26  is a presumption against the court finding fraudulent joinder. *Plute*, 141 F. Supp. 2d at 1008.
27  In overcoming this presumption against fraudulent joinder, the defendant must show that
28  there is no possibility that the plaintiff might prevail in a cause of action against the

- 3 -

defendant. *Id.*; *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (holding that fraudulent joinder is only appropriate where there is no possibility that a claim can be stated). "[E]valuation of a fraudulent joinder claim does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail." *Easley v. 3M Co.*, Slip Copy, 2007 WL 3217536, at *2 (N.D. Cal. Oct. 29, 2007) (quoting *Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996)). In deciding a fraudulent joinder claim, the court should decide "all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spilada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Albi v. St. & Smith Publ'n*, 140 F.2d 310, 312 (9th Cir. 1944); *see Morris*, 236 F.3d at 1067. "Accordingly, if the facts alleged in the complaint, taken as true and drawing all inferences in Plaintiff's favor, can possibly state a claim under Arizona law against [the defendant] in question, there is no fraudulent joinder and [the] case must be remanded to state court." *Ballesteros*, 436 F. Supp. 2d at 1073.

The issue is whether Costco has met its burden of proof in showing Yokohama has failed to state a valid cause of action under applicable state law. *Morris*, 236 F.3d at 1067. Costco argues that "there is no possibility that Yokohama will be able to establish a right to declaratory relief against Costco as the Complaint affirmatively alleges facts negating the existence of any viable claim by Costco against Yokohama; to wit, that 'Costco received a defense and indemnification from its insurer.'" [Dkt. #11, p. 8, (quoting Complaint, ¶ 42)] In its Notice of Removal, Costco argues that "an insured who has been paid in full by its insurer is not the real party in interest, and is not entitled to bring an action in its own name against the third party tortfeasor." [Dkt. # 1, ¶ 13(b)(1), (quoting *American Fidelity & Cas. Co. v. All Am. Bus Lines*, 179 F.2d 7, 10 (10th Cir. 1949))] Under this reasoning, Costco, the insured, argues it is a sham defendant because it can not and does not presently want to pursue any claims against the relevant third party in the Daer Actions. [Dkt. # 11, pp. 15–16]

1   Yokohama does not disagree with this reasoning, but instead correctly argues that the Daer
2   Actions settlement was not "paid in full" by National Union. [Dkt. # 9, pp. 9–10]  The
3   distinction here between the two arguments is that although Costco received a "defense and
4   indemnification" from National Union, that defense was not a complete defense, and the
5   portion paid by Costco entitles them to seek the full amount paid in the Daer Actions
6   settlement from a relevant third party under Arizona law. *Max of Switzerland, Inc. v. Allright*
7   *Corp. of Del.,* 187 Ariz. 496, 499, 930 P.2d 1010, 1013 (Ariz. App. 1997).

8   After reviewing all of the pleadings and drawing all inferences and facts alleged in the
9   plaintiff's favor, *Ballesteros*, 436 F. Supp. 2d at 1072, this Court finds that (1) Defendant has
10  failed to demonstrate that there is no cause of action between it and Yokohama, and (2)
11  Yokohama's potential claim is a valid "case or controversy" under Arizona law.

12  **Cause of Action**

13  As stated in Yokohama's Motion to Remand, Costco "did not receive a complete defense
14  and indemnification" from National Union. [Dkt. # 9, pp. 7–8]  In the Notice of Removal,
15  Costco admitted that it paid $812,681.96 in defense costs and $187,318.04 towards
16  settlement in the Daer Actions in excess of the sum of $4,321,681.96 paid by National Union.
17  [Dkt. # 1, ¶¶ 8–10]  Therefore, the issue is whether this excess money paid by Costco in the
18  Daer Actions creates a possible cause of action under Arizona law. *Ballesteros*, 436 F. Supp.
19  2d at 1072.

20  Under a fraudulent joinder claim, the Court must look at whether or not there is a claim
21  present under the settled rules of the state. *Ballesteros*, 436 F. Supp. 2d at 1072. In Arizona,
22  "[t]he general rule is that where the loss exceeds the amount of insurance paid, the insured
23  may sue in his own name and recover the full amount of the loss, the question of the
24  distribution being a matter between the insured and the insurer only." *Max of Switzerland,*
25  *Inc.,* 187 Ariz. at 499, 930 P.2d at 1013 (quoting *Bryan v. Southern Pac. Co.*, 79 Ariz. 253,
26  262, 286 P.2d 761, 766–67 (1955)); *see also Tucson Gas, Elec., Light & Power Co. v. Bd.*
27  *of Supervisors*, 7 Ariz. App. 164, 166, 436 P.2d 942, 944 (1968) (recognizing that although
28  the insurer is the only real party in interest where the full amount is paid, different rules apply

- 5 -

1  "where only part of the claim is subrogated"). Here, Yokohama acknowledges Costco's
2  potential claim of at least $1,000,000 with respect to the $1,000,000 Costco paid in the Daer
3  Actions. [Dkt. # 9, p. 10, n. 5] In response to these facts and law supporting a cause of
4  action, Costco has offered little to meet its burden of proof. Throughout the pleadings,
5  Costco has admitted that it paid money towards the Daer Actions' settlement and its own
6  attorney's fees. [Dkt. # 1, ¶ 9; Dkt. # 11, p. 5 ln. 9–10] In its Response to the Motion to
7  Remand, Costco cited case law that supports Yokohama's argument that an insured who has
8  not been paid in full has standing to bring suit against a relevant third party. *See Hilbrands*
9  *v. Far East Trading Co.*, 509 F.2d 1321, 1322 (9th Cir. 1975). Further, Costco repeatedly
10 appears to ignore the fact that the settlement was not "paid in full" by National Union,
11 mischaracterizing Yokohama's argument that Costco "received a defense and
12 indemnification from its insurer." [*E.g.* Dkt. # 11, p. 8] Costco has offered no case law
13 supporting the position that no cause of action exists for the insured when an insurer has
14 indemnified a portion of the insured's settlement of a claim. Therefore, because there must
15 be no possibility of a claim to sustain fraudulent joinder, *Morris*, 236 F.3d at 1067, without
16 ruling on the merits of the potential claim, the Court cannot conclude that "the plaintiff [has
17 failed] to state a cause of action . . . and the failure is obvious according to the settled rules
18 of the state." *Id.*

19 **Actual "Case or Controversy"**

20 Costco also argues that there was no "actual case or controversy" between Costco and
21 Yokohama when the Complaint was filed. *See Morris*, 236 F.3d at 1067. Costco argues that
22 no issue has "crystallized" between the parties [Dkt. # 11, pp. 12–13] and there is no actual
23 controversy that would give Yokohama a "reasonable apprehension of litigation." *Societe*
24 *de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981).
25 Costco bases its argument on the fact that it has not pursued any indemnification against
26 Yokohama since 2005, [Dkt. # 11, pp. 15–16] and at this time does not plan to pursue any
27 claims in the future. [*Id.*; Carlson Declaration, ¶ 18] Following this logic, therefore, Costco
28

1    argues that any claims presented by Yokohama are hypothetical and do not present this Court
2    with an actual case or controversy. [Dkt. # 11, p. 16]

3        Under Arizona law, a party to a contract may have a declaratory judgment determining
4    "any question of construction or validity arising under [a] . . . contract." Ariz. Rev. Stat.
5    Ann. ("A.R.S.") § 12-1832 (2007). In Arizona, it is not necessary that any breach be
6    committed, any right invaded, or any wrong done before seeking declaratory relief. *Moore*
7    *v. Bolin*, 70 Ariz. 354, 358, 220 P.2d 850, 852–53 (1950). Costco, in an attempt to refute
8    A.R.S. section 12-1832, argues that because this case has been removed to federal court, the
9    Arizona statute must be "converted" to 28 U.S.C. section 2201. [Dkt. # 11, p. 12] Costco
10   also cites a considerable amount of general "case and controversy" law to shore up its
11   argument that because it has not asked for indemnification from Yokohama since 2005, there
12   is no case or controversy present between the parties. This Court disagrees.

13       Here, Yokohama seeks a declaration that any indemnification obligations to Costco (i.e.
14   the potential $1,000,000 claim) are governed by the Private Label Agreement, [Dkt. # 9, p.
15   9] and that under those agreements Yokohama "is not obligated to indemnify Costco or
16   National Union for any costs, fees or loss payments incurred in connection with the Daer
17   Actions." [*Id.*] Under A.R.S. section 12-1832, Yokohama has a right to seek a declaration
18   of its rights and obligations under these two contracts. Costco's conversion argument, that
19   the Arizona statute be converted to a federal statute, is unavailing because the Court must
20   look to applicable state law when deciding if a valid claim exists for fraudulent joinder
21   purposes. *Morris*, 236 F.3d at 1067; *Ballesteros*, 436 F. Supp. 2d at 1073; *see Dodson*, 951
22   F.2d at 42. Therefore, Yokohama's right to a declaratory judgment concerning the two
23   contracts creates an actual case or controversy for this Court.

24       Here, Costco, not Yokohama, had the burden to provide enough evidence to support its
25   theory of fraudulent joinder. Costco has failed to meet this burden because it has presented
26   no evidence or case law to refute Yokohama's cause of action under Arizona law. Therefore,
27   because Costco failed to meet its burden, this matter must be remanded because complete
28   diversity of citizenship is lacking.

**B.      Attorney's Fees**

As a final matter, Yokohama requests this Court award costs and expenses, including attorney's fees, incurred in responding to the Notice of Removal. [Complaint, ¶ 52; Dkt. # 9, p. 12]  For the foregoing reasons, this Court finds that removal was improper and that Costco could not reasonably have had an objective basis for removal.

The relevant part of the removal statute states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  A district court has broad discretion under 28 U.S.C. section 1447(c), and bad faith need not be demonstrated to award fees. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443,447–48 (9th Cir. 1992).  The Ninth Circuit has reasoned that generally, "[a]bsent unusual circumstances attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

Nine months after Costco had filed its Response to Remand, Costco withdrew its argument that it was a Washington corporation for purposes of diversity jurisdiction.  Prior to this controversy, in three other federal cases, district courts have, without hesitation, declared Costco a California corporation for purposes of diversity.[1]  Costco would not have to research relevant case law, just its own prior federal cases, to understand the burden it faced when removing to a federal court.  Despite these prior cases stating the burden rests with the removing party, Costco has repeatedly claimed that the burden of proof rested with Yokohama. [*E.g.* Dkt. # 11, p. 1]

Additionally, a prudent investigation would have uncovered an even heavier burden with respect to retaining jurisdiction through fraudulent joinder.  The case law is clear that for

---

[1] Three other courts have found that Costco is a California citizen under the "place of operations test." *See Evans v. Costco Wholesale Corp.,* Case No. CV 06-3982 PA (C.D. Cal. Aug. 14, 2006); *Baramark v. Costco Wholesale Corp.,* CV 06-2170 PA (CWx) (C.D. Cal. July, 13, 2006); *Keaton Canos v. Costco Wholesale Corp.,* Case No. 02-CV-0749-K (NLS) (S.D. Cal. Jun. 12, 2002) (all courts remanding back to state court and finding that Costco is a California citizen).

- 8 -

1  fraudulent joinder there must be no possibility of a claim against a defendant in order to
2  make it a "sham" defendant. *Plute,* 141 F. Supp. 2d at 1008; *Ballesteros*, 436 F. Supp. 2d
3  at 1072. Considering the relevant case law, the excess money paid in the Daer Actions
4  settlement by Costco, and the discussion above, an objective belief that removal was proper
5  is misplaced. Furthermore, Costco's "case or controversy" argument is based not on law or
6  reasonable investigation into the relevant case law, but whether its subjective intentions on
7  whether or not to pursue a claim against Yokohama creates a controversy for this Court.
8  Therefore, the Court will grant Yokohama's request for attorney's fees.

## III.     CONCLUSION

Because Costco has failed to demonstrate that there is no possibility that Yokohama will be able to establish a claim against it, the Court is unable to disregard Costco's California citizenship and retain jurisdiction through fraudulent joinder. The Court therefore lacks diversity jurisdiction and this case is properly remanded back to state court.

**Accordingly**,

**IT IS ORDERED** granting Yokohama's Motion to Remand. [Dkt. # 9]

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this cause of action to the Superior Court in and for Maricopa County, Arizona.

**IT IS FURTHER ORDERED** granting Yokohama's request for attorney's fees in an amount to be determined upon Yokohama's compliance with the requirements set forth in Local Rule 54.2.

**IT IS FURTHER ORDERED** denying the Requests for Judicial Notice by both Yokohama and Costco. The Court need not take Judicial Notice to consider the parties' submissions.

In light of the Court's ruling above,

**IT IS FURTHER ORDERED** denying Costco's Motion to Dismiss as moot. [Dkt. # 5]

/ / /

/ / /

1    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter Judgment
2 accordingly.

3    DATED this 18th day of March, 2008.

_____
Mary H. Murguia
United States District Judge